*The Law Offices of*
CHRISTOPHER J. CASSAR, P.C.
*Attorneys for Plaintiff*
13 East Carver Street
Huntington, New York 11743
(631) 271-6596 phone
(631) 351-0196 fax
**CHRISTOPHER J. CASSAR, ESQ. (CC9520)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X      **Civil Action No.:**
**EVANGELOS GERASIMOU,**

                                 Plaintiff,

                                                   **COMPLAINT**

   -against-

**CITY OF NEW YORK,**
**MICHAEL CILLIS, in his individual and official capacities, and**
**JOHN BRENES , in his individual and official capacities,**

                                 Defendants.
----------------------------------------------------------------X

      The Plaintiff by his attorneys, *The Law Offices of* **CHRISTOPHER J.**

**CASSAR, P.C.**, as and for his complaint against Defendants respectfully alleges as

follows:

## I.
### INTRODUCTION

     1.     This is an action for damages against the Defendants for falsely and

wrongfully arresting the Plaintiff for the Criminal Offense of Criminal Possession of

a Forged Instrument in the Third Degree [Penal Law §170.20] and Operating a

Motor Vehicle Without a License Plate [VTL §402-1] on June 16, 2015, at the

intersection of 45 Road and Francis Lewis Boulevard, Queens, New York and for the violations of the Plaintiff's constitutionally guaranteed rights.

## II.
## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 USC §1983 and jurisdiction of this Court is invoked under 28 USC §1331 and §1343. The Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

3.      Venue is placed in this district because it is where the Plaintiff resides and where the events complained of occurred.

## III.
## PARTIES

4.      At all times pertinent to the allegations of this complaint, the Plaintiff, **EVANGELOS GERASIMOU**, is a **citizen** of the United States, resident of the State of New York, and of the City of New York.

5.      At all times pertinent to the allegations of this complaint, Defendant, **CITY OF NEW YORK**, was a municipal corporation organized and existing under the laws of the State of New York.

6.      At all times pertinent to the allegations of the complaint, the Defendant, **POLICE OFFICER MICHAEL CILLIS**, is employed by the Defendant, **CITY OF NEW YORK**, as a Police Officer. His actions alleged were under the color of

the laws of the City of New York. **POLICE OFFICER MICHAEL CILLIS** is being sued in his individual and official capacities.

7.    At all times pertinent to the allegations of the complaint, the Defendant, **POLICE OFFICER JOHN BRENES,** is employed by the Defendant, **CITY OF NEW YORK,** as a Police Officer. His actions alleged were under the color of the laws of the City of New York. **POLICE OFFICER JOHN BRENES** is being sued in his individual and official capacities.

8.    At all times relevant to the allegations of this complaint and in all actions of the Defendants alleged herein, the Defendants were acting under color of the law and pursuant to their authority under authority of the Defendant, **CITY OF NEW YORK**.

**IV.**
**<u>FACTS AND CIRCUMSTANCES</u>**

9.    On June 16, 2015, at the intersection of 45 Road and Francis Lewis Boulevard, Queens, New York, the Defendants falsely and wrongfully arrested the Plaintiff for the Criminal Offense of Criminal Possession of a Forged Instrument in the Third Degree [Penal Law §170.20] and Operating a Motor Vehicle Without a License Plate [VTL §402-1].

10.    On June 16, 2015, at the intersection of 45 Road and Francis Lewis Boulevard, Queens, New York, the Defendants falsely and wrongfully claimed that the Plaintiff was operating a 2015 Mercedes Benz without a license plate and with a

3

forged registration.

11.     On June 16, 2015, the Defendants falsely filed an accusatory instrument in criminal court alleging that the Plaintiff on June 16, 2015, at the intersection of 45 Road and Francis Lewis Boulevard, Queens, New York, was operating a 2015 Mercedes Benz without a license plate and with a forged registration.

12.     On June 16, 2015, the Defendants searched the Plaintiff's 2015 Mercedes Benz without a warrant or consent of the Plaintiff.

13.     On June 16, 2015, the Defendants impounded the Plaintiff's vehicle.

14.     The Plaintiff was falsely and wrongfully detained in the 111th Queens Police Precinct as a result of the false arrest.

15.      The Plaintiff incurred legal expenses to defend the false criminal charges filed by the Defendants.

16.     The criminal charges against the Plaintiff were dismissed pursuant to New York Criminal Procedure Law §170.55.

## V.
### AS AND FOR COUNT ONE
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. § 1983
### EXCESSIVE FORCE CLAIM

17.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 16 of this Complaint with the same force and effect as though fully set forth herein.

4

18. The Defendants lacked reasonable cause to stalk, harass, assault, batter, seize, search, manhandle, menace and/or otherwise subject the Plaintiff to excessive physical contact.

19. The Defendants lacked reasonable cause to arrest Plaintiff or retain him in prolonged custody.

20. The wrongful detainment, wrongful arrest, excessive force and other wrongful acts conducted against the Plaintiff by the Defendants, their agents, employees and servants, were committed under the color of law, customs and statutes of the State of New York and under the color of law, customs and statutes of the United States of America to deprive Plaintiff of various Constitutional rights.

21. The Plaintiff was falsely seized, falsely detained and falsely arrested by the Defendants and unreasonably subjected to excessive and unreasonable force and unreasonable search and seizure.

22. The Plaintiff was falsely arrested, falsely seized, detained and held for an unreasonable period of time against his will without justification, explanation or rationale of such detention.

23. While being detained, the Plaintiff was subjected to excessive force and to an unlawful search and unlawful imprisonment.

24. The Defendants were each aware of the unlawful and unreasonable detention, stop, search and seizure of the Plaintiff.

25.     Such search, seizure, arrest, detention and assault was ordered, condoned and authorized by the Defendant, **CITY OF NEW YORK**, ~~there~~ its agents, employees, and servants including but not limited to **OFFICER CILLIS** and **OFFICER BRENES** with unreasonable, callous, deliberate indifference to the Plaintiff's innocence and physical welfare.

26.     As part of the false arrest, detention and accusation, the Defendants caused the Plaintiff to be seized, arrested and held without probable cause and caused him to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

27.     Each of the individual Defendants, acting under color of the law, acted unreasonably, and separately and/or in concert acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure and freedom from illegal detention and imprisonment. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment and by 42 U .S.C. § 1983.

28.     In falsely arresting, abusing, detaining, threatening, intimidating, and interrogating the Plaintiff, the Defendants each knew or should have known they were violating laws of the State of New York and those statutory and Constitutional rights set forth herein and have failed to prevent the same and therefore acted in

concert to harm Plaintiff.

29.     As a direct consequence of the actions of Defendants, acting in furtherance of their duties as agents of the Defendant, **CITY OF NEW YORK,** the Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, and loss of liberty and the infringement of his rights guaranteed to him under the United States Constitution.

30.     As a direct consequence of the of the actions of the Defendants, the Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

31.     As a result of Defendants' unlawful conduct, the Plaintiff suffered injury and is accordingly entitled to compensatory damages against all Defendants.

## VI.
## AS AND FOR COUNT TWO
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. § 1983
## ABUSE OF PROCESS

32.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 31 of this Complaint with the same force and effect as though fully set forth herein.

33.     The Defendants intentionally, recklessly and maliciously filed and/or

caused to be filed, in criminal court, a false, inaccurate, and/or misleading criminal complaint against the Plaintiff.

34. The criminal complaint was made by the aforementioned Defendants without research and investigation into the veracity and/or truthfulness of said complaint.

35. The false criminal complaint filed by Defendants against the Plaintiff without knowledge that the facts contained therein was false, misleading and/or otherwise inaccurate.

36. The Defendants' clear intentions were to use the criminal justice system to cause harm to the Plaintiff without proper motive, excuse or justification of any kind.

37. The Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the legal process.

38. The Defendants with knowledge of the inaccuracy and/or falsity of the criminal complaint made by Defendants and without any investigation and/or rudimentary query, intentionally, recklessly and maliciously caused to be filed, the false, inaccurate, and/or misleading criminal complaint against the Plaintiff.

39.     As a direct consequence of the actions of the Defendants, acting in furtherance of their duties as agents of the Defendant, **CITY OF NEW YORK**, the Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, and loss of liberty and the infringement of his rights guaranteed to him under the United States Constitution.

40.     As a direct consequence of the of the actions of the Defendants, the Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

41.     As a result of Defendants' unlawful conduct, the Plaintiff suffered injury and is accordingly entitled to compensatory damages against all Defendants.

## VII.
### AS AND FOR COUNT THREE
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. § 1983
### FALSE ARREST CLAIM AND MALICIOUS PROSECUTION

42.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 41 of this Complaint with the same force and effect as though fully set forth herein.

43.     The Defendants lacked reasonable suspicion and probable cause to stop and detain the Plaintiff. During the arrest time, the Plaintiff was physically

prevented from leaving the custody and kept there under the supervision and the knowledge of Defendants without access to his freedom, family and home. The Defendants then fabricated false statements, falsified records, mis-characterized facts, and engaged in perjury in Court in an attempt to justify their excessive force upon, and false arrest of the Plaintiff.

44.    The subsequent malicious prosecution of the Plaintiff, which was conducted by the Defendants with knowledge that Plaintiff was wrongfully stopped, falsely detained, harassed, and wrongfully arrested without any cause, was committed by Defendants under color of law, customs, and statutes of the State of New York and the under federal law. The Defendants then fabricated false statements, falsified records, mis-characterized facts, and engaged in perjury in an attempt to justify and further their malicious prosecution of the Plaintiff.

45.    Under color of law, the Defendants deprived the Plaintiff of his rights to protection from unlawful search and seizure by falsely charging Plaintiff criminally and prosecuting the Plaintiff for criminal charge for which there was no evidence or substantiation of any kind to the allegations.

46.    The accusations of criminal conspiracy filed against the Plaintiff were false and were an attempt to cover up the false arrest and abuse of process which has been inflicted by Defendants on the Plaintiff.

47.    The malicious prosecution of the Plaintiff without probable cause, and

other wrongful acts conducted against the Plaintiff by the Defendants constitutes a violation of Plaintiff's rights, secured by the New York State Constitution and the United States Constitution, to be free from unreasonable searches and seizures.

48.    The actions of the Defendants were grossly negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject the Plaintiff to summary punishment, but failed to do so and breached their duty.

49.    There was a determination of the criminal proceedings against Plaintiff on the merits in favor of the Plaintiff.

50.    The evidence throughout the processing of criminal charges did not warrant the basis to proceed with the charges against the Plaintiff and the Defendants proceeded to charge the Plaintiff despite this fact.

51.    No reasonable officer would have acted with such ill-intention, un-professionalism, and negligence as the Defendant Officers acted against the Plaintiff.

52.    The Defendants acted under color of law to deny the Plaintiff of his Constitutional rights to due process and freedom from seizure, by wrongfully detaining him, without providing any reasonable basis and/or investigation warranting prosecution, or other due process guarantees secured by the Plaintiff.

53.    As a direct consequence of the actions of the Defendant Officers, acting in furtherance of their duties as agents of the Defendant, **CITY OF NEW YORK,**

the Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, and loss of liberty and the infringement of his rights guaranteed to him under the United States Constitution.

54.    As a direct consequence of the of the actions of the Defendants, the Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

55.    As a result of Defendants' unlawful conduct, the Plaintiff suffered injury and is accordingly entitled to compensatory damages against all Defendants.

**VIII.**
**AS AND FOR COUNT FOUR**
**<u>VIOLATION OF CIVIL RIGHTS</u>**
**<u>PURSUANT TO 42 U.S.C.A. §§ 1983and 1986</u>**
**<u>FAILURE TO INTERVENE</u>**

56.    The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 55 of this Complaint with the same force and effect as though fully set forth herein.

57.    The Defendant Officers knew or should have known that the detainment, false arrest, seizure of property and excessive force used against the Plaintiff violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth and

Fourteenth Amendments and 42 U.S.C. §§ 1981, 1983 and 1986.

58.     Each of the Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, seizure of property and excessive force against the Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

59.     Despite being placed on clear and detailed notice, the Defendants failed to stop these wrongful actions, which constitutes a breach of duty to do so under 42 U.S.C. § 1986.

60.     The Defendant Officers knew or should have known that the fabricated accusations against, and excessive force used against the Plaintiff were violation of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiffs fundamental rights under the Constitution.

61.     The Defendants had and continue to have the power to prevent the continued due process violations against the Plaintiff yet, failed to prevent or dismiss the fabricated charges against the Plaintiff, or to protect the Plaintiff from the unwarranted penalties of the criminal charges.

62.     The refusal by the Defendant, **CITY OF NEW YORK**, to discipline the Defendant Officers for their misconduct against the Plaintiff is neglectful of their

duty to prevent the further violation of the Plaintiff's right to compensation under 42

U.S.C §§ 1981, 1983, and 1986, with such violations occurring as a result of these

Officers being improperly cleared of any wrongdoing.

63.     As a direct consequence of the actions of the Defendants, acting in

furtherance of their duties as agents of the Defendant, **CITY OF NEW YORK**, the

Plaintiff suffered injuries, including but not limited to, temporary loss of pay,

stigmatization, embarrassment, harassment, and loss of liberty and the infringement

of his rights guaranteed to him under the United States Constitution.

64.     As a direct consequence of the actions of the Defendants, the Plaintiff

suffered temporary loss of employment, loss of standing in the community, loss of

time, criminal record, loss of freedom, loss of quality of life, arrest record, premature

retirement and loss of regular income, damage to name and reputation, special

damages, attorney's fees, incidental fees/costs, loss of property and other financial

impairments.

65.     As a result of Defendants' unlawful conduct, the Plaintiff suffered

injury and is accordingly entitled to compensatory damages against all Defendants.

## IX.
## AS AND FOR COUNT FIVE
## <u>VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. § 1983</u>
## <u>SEIZURE OF THE PLAINTIFF'S VEHICLE</u>

66.     The Plaintiff repeats, reiterates, and realleges each and every allegation

contained in paragraph 1 through 65 of this Complaint with the same force and effect

14

as though fully set forth herein.

67.     On June 16, 2015, when the Plaintiff was arrested by the Defendants, the Defendants seized the Plaintiff's vehicle, a 2015 Mercedes Benz.

68.     The Defendants retained possession of the Plaintiff's vehicle, a 2015 Mercedes Benz, during the pendency of the criminal case.

69.     The Defendants did not afford the Plaintiff a prompt post-seizure retention hearing, with adequate and meaningful notice for property seized as instrumentalities of crime pursuant to ***Krimstock v. Kelly***, 306 F.3d 40, C.A.2 (N.Y.) 2002.

70.     The Defendants never provided the Plaintiff with a prompt retention hearing when they seized the Plaintiff's vehicle, a 2015 Mercedes Benz.

71.     As a direct consequence of the actions of the Defendants, the Plaintiff suffered loss of quality of life, loss of property and other financial impairments.

72.     As a result of Defendants' unlawful conduct, the Plaintiff suffered injury and are accordingly entitled to compensatory damages against all Defendants.

**X.**
**AS AND FOR COUNT SIX**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. § 1983**
**MUNICIPAL LIABILITY**

73.     The Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 72 of this Complaint with the same force and effect as though fully set forth herein.

74.     The Defendant, **CITY OF NEW YORK**, has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force and unreasonable and unlawful searches and seizures against residents of the **CITY OF NEW YORK** by police officers of the **CITY OF NEW YORK** and other local police departments within the jurisdiction of the **CITY OF NEW YORK**.

75.     Although such illegal use of force and seizure is improper, the Officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the use of force and seizure of personal property were justified and proper.

76.     As a result, police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be abused under circumstances not requiring the use of excessive force, and that such mistreatment would in fact be permitted by **CITY OF NEW YORK**.

77.     In addition to permitting a pattern and practice of improper abuses by the Defendant Officers in **CITY OF NEW YORK**, the Defendant, **CITY OF NEW YORK**, has failed to maintain a proper system of investigation of all incidents of unjustified seizures of personal property, and excessive use of force by police officers.

78.     The Defendant, **CITY OF NEW YORK**, has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers who

wrongfully, violate Constitutional rights of citizens, use excessive force, and abuse of civilians, and **CITY OF NEW YORK** has failed to find that civilian complaints made against police officers are founded or valid in anyway.

79. Therefore, the Defendant, **CITY OF NEW YORK**, is liable under 42 U.S.C. § 1983 because the **CITY OF NEW YORK** has had actual and/or constructive knowledge of the patterns of abuse and excessive force against minorities by its police officers, employees, and/or agents in violation of the United State Constitution, and because of the **CITY OF NEW YORK**, un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of abuse, excessive force, unlawful search and seizure of personal property and discriminatory legal enforcement, all in violation of the Plaintiff's rights.

80. The **CITY OF NEW YORK** has maintained a system of review of unjustified seizures of personal property, and excessive use of force by police officers that has failed to identify the improper brutality by police officers and failed to subject officers who brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of the **CITY OF NEW YORK** to tolerate the improper beatings, illegal arrests and other wrongful actions by police officers.

81. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendant, **CITY OF NEW YORK**, unjustifiably harassed, searched and seized property from, illegally arrested and confined the Plaintiff in violation of his civil and constitutional rights, and the Plaintiff has suffered temporary loss of employment and pay, as well as, humiliation, and embarrassment.

82. The Defendant, **CITY OF NEW YORK**, was reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration and supervision of the police officers.

83. As a result of Defendants' unlawful conduct, the Plaintiff suffered injury and is accordingly entitled to compensatory damages against all Defendants.

## XI.
### AS AND FOR COUNT SEVEN
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. § 1985
### CONSPIRACY TO VIOLATE CIVIL RIGHTS CLAIM

84. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 83 of this Complaint with the same force and effect as though fully set forth herein.

85. The Defendants by agreeing to implement a policy and practice whereby the Plaintiff is denied due process, the Defendants conspired to deprive Plaintiff of the equal protection of the law and of equal privileges and immunities of the laws of the United States, resulting in injury to Plaintiff's person and property, in

18

violation of 42 U.S.C. § 1985(3).

86.  The Defendants collectively decided to mistreat the Plaintiff and collectively denied him due process rights under the Fourteenth Amendment.

87.  The Defendants' accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff.

88.  The Defendants knew of the wrongful and abusive conduct of the other Defendants and conspired to allow their false claims, malicious prosecution, false arrest, abuse of process, mistreatment and other wrongful and demeaning acts to occur and continue including the detention of Plaintiff against his will, full processing, proffering of false charges, finger printing, taking mug shot, supporting prosecution, providing false statements and testimony, and other agreements and actions not yet fully known to the Plaintiff.

89.  The Defendant Officers brought about the Plaintiff's seizure, arrest, detention and false accusation, all without lawful or proper basis or justification and all without consideration of the Plaintiff's rights in violation of all of Plaintiff's rights.

90.  That the false arrest, false imprisonment, excessive force and violation of the laws of the State of New York and federal law and the Plaintiff's civil rights were brought about and caused by the condoned and conspired actions of

Defendants and intentional abuse of process causing the Plaintiff damage. All of these rights are secured to the Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

91.     That by reason of the foregoing, the Plaintiff has been to exposed to disgrace, public humiliation and embarrassment, and was deprived of his Constitutional rights.

92.     As a result of Defendants' unlawful conduct, the Plaintiff suffered injury and is accordingly entitled to compensatory damages against all Defendants.

## XII.
## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

1. Compensatory damages to the Plaintiff in the amount of $1,000,000.00;
2. General damages in the amount of $1,000,000.00;
3. Punitive damages against the Defendants in the amount of $1,000,000.00;
4. Awarding the Plaintiff the reasonable cost, expense and attorney's fees of this action; and
5. Any such other and further relief that this Court deems just and proper.

Dated:   Huntington, New York
         November 14, 2015

Respectfully submitted,

CHRISTOPHER J. CASSAR, ESQ. (CC9520)
*The Law Offices of*
CHRISTOPHER J. CASSAR, P.C.
*Attorneys for Plaintiff*
13 East Carver Street
Huntington, New York 11743
(631) 271-6596

# CERTIFICATION

STATE OF NEW YORK  )
                    ) ss.:
COUNTY OF SUFFOLK  )

    **EVANGELOS GERASIMOU,** being duly sworn, deposes and says:

    I am the Plaintiff in the within action; I have read the forgoing complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

                    **EVANGELOS GERASIMOU**

Sworn to before me on this
19th day of November 2015.

_____
Notary Public

CHRISTOPHER J. CASSAR
Notary Public, State of New York
No. 02CA4987347
Qualified in Suffolk County
Commission Expires Oct. 15, 2015

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| EVANGELOS GERASIMOU, | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| | ) |
| CITY OF NEW YORK, MICHAEL CILLIS, in his individual and official capacities and JOHN BRENES, in his individual and official capacities, | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  CITY OF NEW YORK
MICHAEL CILLIS, in his individual and official capacities
JOHN BRENES, in his individual and official capacities

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Christopher J. Cassar, P.C.
13 East Carver Street
Huntington, NY 11743
(631) 271-6596
cjcassar@cassarlaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
_CLERK OF COURT_

Date: _____          _____
_Signature of Clerk or Deputy Clerk_

JS 44 (Rev. 1/2013)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EVANGELOS GERASIMOU

**DEFENDANTS**
CITY OF NEW YORK, MICHAEL CILLIS, in his individual and official capacities and JOHN BRENES, in his individual and official capacities,

(b) County of Residence of First Listed Plaintiff    Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher J. Cassar, P.C.
13 East Carver Street, Huntington, NY 11743 (631) 271-9696

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability / ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** / ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** / ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty / **Other:** | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Action for damages against defendants for violations of plaintiff's constitutionally guaranteed rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
12/03/2015
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, _Christopher J. Cassar_____, counsel for _plaintiff_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☒     monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐     the complaint seeks injunctive relief,

☐     the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)     Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: _no_____

2.)     If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? _no_____

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? _yes_____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☒ Yes          ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes    (If yes, please explain)     ☒ No

I certify the accuracy of all information provided above.

Signature:_____