UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EVANGELOS GERASIMOU,                           15-CV-6892 (WFK) (VMS)

                           Plaintiff,           **DEFENDANT'S
                                                MEMORANDUM OF LAW
                                                IN OPPOSITION TO
                                                DEFENDANT'S MOTION FOR
                                                SUMMARY JUDGMENT**

THE CITY OF NEW YORK, MICHAEL CILLIS,
in his individual and official capacities, and JOHN
BRENES, in his individual and official capacities,

                           Defendants.
-----------------------------------------------------------------X

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................ i-ii

PRELIMINARY STATEMENT ..................................................................... 1

STANDARD OF REVIEW ............................................................................ 1-2

STATEMENT OF RELEVANT FACTS ....................................................... 2

ARGUMENT

        POINT I

                A PATENT LACK OF PROBABLE CAUSE SUPPORTS
                PLAINTIFF'S FALSE ARREST AND MALICIOUS
                PROSECUTION CLAIMS ..................................................... 2-4

        POINT II

                GENUINE ISSUES OF MATERIAL FACT EXIST AS TO
                PLAINTIFF'S MALICIOUS PROSECUTION, AND
                MALICIOUS ABUSE OF PROCESS CLAIMS ................... 4-8

POINT III

          PLAINTIFF'S EXCESSIVE FORCE CLAIM IS VIABLE
          BASED ON THE FORCE EXERTED BY THE ARRESTING
          DEFENDANTS RELATIVE TO ANY THREAT POSED
          BY THE PLAINTIFF....................................................................... 8-9

POINT IV

          PLAINTIFF HAS A VALID CLAIM FOR DEPRIVATION OF
          PROPERTY BASED ON CONSTITUTIONAL VIOLATIONS.. 9-10

POINT V

          PLAINTIFF HAS ASSERTED SUFFICIENT
          CONSTITUTIONAL VIOLATIONS TO SUPPORT
          CLAIM BASED ON FAILURE TO INTERVENE....................  10-11

POINT VI

          PLAINTIFF ASSERTS A VALID CLAIM FOR
          CONSPIRACY TO VIOLATE A CIVIL RIGHTS
          CLAIM PURSUANT TO 42 U.S.C. §1985................................  11-12

POINT VII

          PLAINTIFF'S MUNICIPAL LIABILITY CLAIMS PRESENT
          GENUINE ISSUES OF MATERIAL FACTS BASED ON
          INSUFFICIENT TRAINING OF THE OFFICERS .................  13-14

POINT VIII

          THE DEFENDANTS ARE NOT ENTITLED TO
          QUALIFIED IMMUNITY........................................................  14-16

# **TABLE OF AUTHORITIES**

## Cases

Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994) .............................................. 11

Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995) ..................................................... 2

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ........................................... 1

Bd. of Regents v. Roth, 408 U.S. 564, 577 (U.S. 1972) ........................................... 10

City of Canton, Ohio v. Harris, 489 U.S. 378 (1989) .............................................. 14

Friends of Falun Gong v. Pacific Cultural Enterprise,
288 F.Supp.2d 273, 279 (E.D.N.Y. Sept. 24, 2003) ................................................. 12

Graham v. City of New York (E.D.N.Y. 2013) ......................................................... 8

Hall v. City of White Plains, 185 F.Supp.2d 293 (S.D.N.Y. 2002) ......................... 14

Halperin v. Kissinger, 807 F.2d 180, 189 (D.C. Cir.1986) ...................................... 15

Jaegly v. Couch, 439 F.3d 149 (2d Cir. 2006) .......................................................... 3

Khanukavev v. City of New York, No. 09 CV 6175 (CM)(GWG),
2012 U.S. Dist. LEXIS 113779, at 9 (S.D.N.Y. Aug. 13 2012) ............................... 13

Krimstock v. Kelly, 306 F.3d 40 (2d Cir. 2002) ....................................................... 10

Lennon v. Miller, 66 F.3d 1995 (2d Cir. 1995) ........................................................ 15

Manganiello v. City of New York, 612 F.3d 149 (2d Cir. 2010) ............................. 5, 7

Monell v. Department of Social Services of City of New York,
436 U.S. 658 (1978) ................................................................................................... 13

Nimkoff v. Dollhausen, 751 F.Supp.2d 455, 463 (E.D.N.Y.2010) ......................... 8

People v. Robinson, 121 Misc.2d 267 (West. Cty. Ct. 1983) .................................. 10

Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997) ................ 5

Robinson v. Via, 821 F.2d 913, 921 (2d Cir. 1987) ................................................. 15

Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) .................................  7

Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995) ..........................  6

Soldal v. Cook County, III, 506 U.S. 56 (1992) .......................................  9

Terry v. Ohio, 392 U.S. 1 (1968) ..............................................  2

Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999) ................................  11

Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010) ...............................  8

Travella v. Town of Wolcott, 599 F.3d 129, 132 (2d Cir. 2010) ...........................  15

U.S. v. Jacobsen, 466 U.S. 109 (1984) .......................................  9

U.S. v. Jenkins, 452 F.3d 207 (2006) ........................................  2

U.S. v. Sokolow, 490 U.S. 1 (1989) .........................................  2

Wachtler v. County of Herkimer, 35 F.3d 77, 80 (2d Cir.1994) ...........................  15

X-Men Sec., Inc. v. Pataki, 196 F.3d 56, 66 (2d Cir. 1999) .....................................  15

**Statutes**

Fed. R. Civ. Pr. Rule 56 .............................................  1

N.Y.P.L. § 170.20 ...............................................  4, 5, 9

V.T.L. 402.1 ..................................................  3, 5, 9

U.S.C.A. § 1983 ...............................................  1, 5

U.S.C.A. § 1985 ...............................................  1, 11

U.S.C.A. Const. Amend. 4 ..........................................  9

## PRELIMINARY STATEMENT

As set forth below, the Plaintiff maintains that there are genuine issues of material fact which preclude summary judgment on Plaintiff's claims for (1) excessive force in violation of 42 U.S.C.A. § 1983; (2) abuse of process in violation of 42 U.S.C.A. § 1983; (3) false arrest and malicious prosecution in violation of 42 U.S.C.A. § 1983; (4) failure to intervene in violation of 42 U.S.C.A. §§ 1983 and 1986; (5) wrongful seizure of Plaintiff's vehicle in violation of 42 U.S.C.A. § 1983; (6) municipal liability in violation of 42 U.S.C.A. § 1983; (7) conspiracy to violate civil rights claim pursuant to in violation of 42 U.S.C.A. § 1985.

Plaintiff's false arrest and malicious prosecution claims are squarely supported by the absence of probable cause to support the Plaintiff's arrest, in addition to the lack of reasonable articulable suspicion required to the continued automobile stop of the Plaintiff's vehicle. Genuine factual issues also underpin the Plaintiff's excessive force claim, due to the force exerted by the Defendants relative to any threat posed by the Plaintiff. Contrary to the Defendants' assertions, constitutional violations do underpin Plaintiff's claim for deprivation of property, and failure to intervene. Further, Plaintiff's municipal liability claim is well supported based on patently insufficient training of the Defendants, as pertaining to the specific criminal charges which underlie the Plaintiff's arrest. Lastly, the objectively unreasonable actions of the Defendants do not support a finding of qualified immunity.

## STANDARD OF REVIEW

To successfully oppose a motion for Summary Judgment pursuant to Fed. R. Civ. Pr. Rule 56, the adverse party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Fed. R. Civ. P. 56(c). The inquiry is "whether the evidence presents sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law." *Id*, at 251-252. Rule 56(c) holds that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In considering a summary judgment motion, the Court "must review the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995).

## STATEMENT OF RELEVANT FACTS

A complete statement of the relevant facts is annexed herein within Plaintiff's Statement of Undisputed Facts Pursuant to Rule 56.1, dated May 5, 2017.[i]

## ARGUMENT

### POINT I

A PATENT LACK OF PROBABLE CAUSE SUPPORTS PLAINTIFF'S FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS

As a preliminary matter, the Defendant's automobile stop of the Plaintiff was completely unsupported by probable cause or a reasonable suspicion that criminal activity was afoot. The stop of a vehicle "must be 'reasonable' in the circumstances presented, and an officer making a stop must have 'a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." U.S. v. Jenkins, 452 F.3d 207 (2006); United States v. Sokolow, 490 U.S. 1 (1989) *quoting* Terry v. Ohio, 392 U.S. 1 (1968). Although the arresting officers (Defendants) initially had a mistaken belief that Plaintiff's automobile did not have a license plate affixed, they observed that the automobile did, in fact, have a license plate

2

visibly affixed to the rear window. Plf. 56.1 at ¶ 4; *see also* Ex. B, pg. 64:9-14. The moment that the Defendant observed that the Plaintiff's vehicle did in fact have a license plate affixed, the rationale for the vehicle stop concluded and the Plaintiff should have been released from the stop.

Moreover, insufficient probable cause existed for the Plaintiff's arrest for a violation of N.Y .V.T.L. 402-1 (Operating a Motor Vehicle Without a License Plate). The requirements of New York Vehicle and Traffic Law § 402.1 concerning proper placement of a license plate state that "not higher than forty-eight inches and not lower than twelve inches from the ground. V.T.L. 402.1(a). An officer has probable cause to arrest when he has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime. Jaegly v. Couch, 439 F.3d 149 (2d Cir. 2006). As explained below, the Defendants had knowledge that the Plaintiff did not violate V.T.L. 402-1, and arrest him nonetheless.

Despite the placement of the temporary license plate in the glass portion of Plaintiff's rear window, within the bounds of a height of twelve to forty-eight inches as required by V.T.L. § 402, the Plaintiff was arrested all the same. The Defendants lacked probable cause to arrest the Plaintiff on such grounds. Furthermore, when asked what the legal requirements for the placement of an automobile license plate are, Defendant CILLIS testified under oath that "they just have to be visible." Ex. B, pg. 74:15. CILLIS also stated that he viewed the license plate upon his first approach to the vehicle. Ex. B, pg. 64:9-14. As a result, there was no probable cause for the arrest of the Plaintiff for violating V.T.L. 402-1 based on the proper placement of the license plate.

Further, a lack of probable cause existed for the arrest of the Plaintiff for violating N.Y.P.L. § 170.20 for Possession of a Forged Instrument in the Third Degree. Section 170.20

3

requires that the defendant have knowledge that the instrument is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument. N.Y.P.L. § 170.20. When asked what constitutes a forged instrument, defendant Cillis stated that he could not explain what constitutes a forged instrument (Ex. B, at pg. 93:22-25), or alternatively that he believed that a forged instrument is one which lacks the proper information from the state or government (Ex. B, at pg. 94: 9-13). The arresting officer's belief as to what constitutes a forged instrument has a direct bearing on whether he has probable cause to arrest for the crime – where he cannot explain the basis for the underlying charge, it cannot be said that probable cause existed. Moreover, the Plaintiff's interactions and conversations with the arresting officers provides ample evidence that he lacked any intent to defraud, deceive or injure another in the possession of the license plates on the automobile. Rather, the Plaintiff repeatedly implored the arresting officers to verify the validity of the license plates by verifying with the issuing automobile dealership. Ex. E, at ¶¶ 6-7; Plf. 56.1 at ¶¶ 14-16.

The Defendants arrested the Plaintiff without a sufficient investigation as to the validity of the license plate. Defendant CILLIS testified that he did not even recall running the Plaintiff's license plates to verify their validity. Ex. B, at pg. 58: 4-6. In fact, a New York City Police Department special investigator later revealed to the Plaintiff that "it's so stupid and there's nothing wrong with the car and I don't understand how all this happened." (Ex. C, pg. 100:25 – 101:8). Insufficient probable cause existed to support the Plaintiff's underlying arrest.

POINT II

GENUINE ISSUES OF MATERIAL FACT EXIST AS TO PLAINTIFF'S MALICIOUS PROSECUTION, AND MALICIOUS ABUSE OF PROCESS CLAIMS.

In order to prevail on a § 1983 claim against a state actor for malicious prosecution, (1)

4

the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. Manganiello v. City of New York, 612 F.3d 149 (2d Cir. 2010). In weighing the annexed evidence in the light most favorable to the non-moving party, the Plaintiff can allege trial issues of material fact which support all the required elements of his malicious prosecution claim.

First, the arresting officers did proceed by initiation or continuation of the criminal proceeding against the Plaintiff. It has been held that a "jury may permissibly find that a defendant initiated a prosecution where he fil[ed] the charges" against the Plaintiff. Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997). Here, Defendant CILLIS initiated the criminal prosecution of the Plaintiff by executing and submitting the Misdemeanor Information utilized as the charging document in the ensuing criminal prosecution. *See* Ex. G. Thus the Defendants did more than issue a Desk Appearance Ticket to the Plaintiff, but rather actively filed the charges brought against him. Second, the resulting criminal proceeding did terminate in Plaintiff's favor, as the disposition was a dismissal of the underlying charges entirely. Ex. E, at ¶ 12. Third, as outlined in Point I *supra*, there was a lack of probable cause to support the Plaintiff's arrest.

Lastly, there was actual malice as a motivation for the defendants' actions. A "lack of probable cause generally creates an inference of malice" within a malicious prosecution claim. Boyd v. City of New York, 336 F.3d at 78 (2d Cir. 2003); Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123 (2d Cir. 1997). Here, a charge of V.T.L. § 402-1 is only appropriate where the license plate is not visible within a range not higher than forty-eight inches and not lower than twelve inches from the ground. However, Defendant Cillis testified that upon approach to the

vehicle, the license plate was visible to him. Ex. B, at pg. 64:9-14. It can be inferred that the Defendants acted with malice where they proceeded to arrest the Defendant despite the existence of probable cause to support the Plaintiff's arrest.

Moreover, no probable cause existed for the arrest of the Plaintiff for possession of a forged instrument pursuant to N.Y.P.L. 170.20. This is evident not only from the arresting officers' inability to articulate what constitutes a forged instrument, but also due to the ultimate dismissal of the criminal charges made against the Plaintiff. *See* Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123 (2d Cir. 1997)(holding that the District Court erred in dismissing a malicious prosecution claim made pursuant to § 1983 based on the element of malice, where the underlying criminal action was itself ultimately dismissed).

The Plaintiff has also adduced evidence that the arresting officers' statements and demeanor indicated that they intended to arrest him regardless of the evidence of the license plate's validity. Plt 56.1 at ¶¶ 14, 15; Ex. E, at ¶¶ 6-10. The Plaintiff's testimony is that the officers operated in bad faith and with an improper motive to prosecute regardless of the evidence. At a minimum, triable issues of material facts exist as to the arresting officer's motives in arresting the Plaintiff as would substantiate a finding of malice.

Lastly, Plaintiff was subjected to sufficient restraint of his liberty to constitute a "seizure." A malicious prosecution claim made pursuant to § 1983 requires a showing that the Plaintiff experienced deprivation of liberty consistent with a seizure. Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995). First, Plaintiff testified that he was held at the automobile stop for a period of approximately thirty to forty minutes. Ex. C at pg. 80: 10-21. Defendant Cillis confirmed that he held the Plaintiff in the back of his police car for a period of approximately thirty minutes, though he could not recall exactly how long. Ex. B, at pg. 84: 2-13. At the

precinct, the Plaintiff was held for a period of at least an additional fifty minutes. Defs 51.6 at ¶ 27. Lastly, Plaintiff was thereafter required to appear in Court on two occasions. Cumulatively, the Plaintiff's arrest, subsequent precinct processing, and court appearances all support of a prima facie showing of "seizure" of his liberty interest.

### B. Plaintiff can similarly maintain his claim for Malicious Abuse of Process.

The elements of a malicious abuse of process claim under New York Law are that the defendants: (1) regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) done in order to obtain a collateral objective that is outside the legitimate ends of process. Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003). As outlined above, Plaintiff maintains that there was a lack of probable cause to arrest the Plaintiff, where probable cause would other serve as a defense to a malicious abuse of process claim. Manganiello v. City of New York, 612 F.3d 149 (2d Cir. 2010).

Here, the officers did issue legal process upon the Plaintiff by having him arraigned and subjected to criminal prosecution. The Plaintiff further asserts that the arresting Defendants did intend to do harm to him in placing him under arrest, without any alternative explanation for a proper objective. The Plaintiff adduced evidence that the arresting officers' statements and demeanor indicated that they intended to arrest him regardless of the evidence of the license plate's validity. Plt 56.1 at ¶¶ 14, 15; Ex. E, at ¶¶ 6-10. In fact, Officer Cillis stated that he did not even run the license plate of the automobile to verify its validity. Ex. B, at pg. 58: 4-6. The Plaintiff's testimony is that the officers operated in bad faith and with an improper motive to prosecute regardless of the evidence. At a minimum, triable issues of material facts exist as to the

7

officers' intent to do harm to the Plaintiff and to obtain a collateral objective.

## POINT III

PLAINTIFF'S EXCESSIVE FORCE CLAIM IS VIABLE BASED ON THE FORCE EXERTED BY THE ARRESTING DEFENDANTS RELATIVE TO ANY THREAT POSED BY THE PLAINTIFF.

The inquiry in this matter is whether fact issues preclude summary judgment on Plaintiff's excessive force claims. "The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer" in the course of an arrest. Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010); Graham v. City of New York (E.D.N.Y. 2013). Because the Fourth Amendment test of reasonableness is one of "objective reasonableness," the inquiry is fact specific and requires a balancing of various factors. Tracy v. Freshwater, *supra; see also* Wims v. N.Y.C. Police Dep't, No. 10–CV–6128, 2011 WL 2946369 (S.D.N.Y. July 20, 2011). When determining whether an officer's actions constitute excessive force, the Court considers: "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Tracy,* 623 F.3d at 96; *see also* Nimkoff v. Dollhausen, 751 F.Supp.2d 455, 463 (E.D.N.Y.2010) ("[T]he fact finder must consider the totality of the circumstances, including 'the crime committed, its severity, the threat of danger to the officer and society, and whether the suspect is resisting or attempting to evade arrest.' " (citations omitted)).

Genuine issues of material fact exist as to whether the force applied by the arresting officers was excessive, in light of (1) the nature and severity of the crime leading to the arrest; (2) whether the suspect posed a threat to the safety of officers or others, and (3) whether the suspect

was actively resisting arrest or evading, as outlined above. Here, the arresting officers exercised excessive force by forcefully pulled the Plaintiff out of the automobile, and pushed him onto the hood of the car in making the arrest. Ex. E, at ¶ 8; *see also* Ex. C, at pg. 83:3-5 (where Plaintiff testified concerning the Defendants that "I tried to speak to them as well. They were very angry and very pushy. They told me spread my hands on the truck and don't talk anymore."). The nature underlying criminal charges were not severe: Plaintiff was charged with a traffic code violation pursuant to V.T.L. § 402, and a misdemeanor pursuant to N.Y. C.P.L. § 170.20, possessing a forged instrument in the third degree.

Secondly, there are strong facts demonstrating that the Plaintiff did not pose a threat to the safety of the officers or others. Defendant Cillis indicated in his deposition testimony that he did not feel threatened or in danger for his safety when interacting with the Plaintiff. Ex. B, at pg. 68: 18-22. Defendant Brennes did not recall threatening conduct by the Plaintiff, and did not draw his gun. Ex. F, at pg. 49: 14-19. Thirdly, there was no evidence adduced that the Plaintiff actively resisted or evaded the arresting officers. Therefore, in light of the foregoing, the Plaintiff has asserted genuine issues of material fact supporting his excessive force claim.

POINT IV

PLAINTIFF HAS A VALID CLAIM FOR DEPRIVATION OF PROPERTY BASED ON CONSTITUTIONAL VIOLATIONS.

The Plaintiff brings a claim for wrongful seizure of property pursuant to § 1983. A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interest in that property. U.S.C.A. Const. Amend. 4; Soldal v. Cook County, III, 506 U.S. 56 (1992); United States v. Jacobsen, 466 U.S. 109 (1984). Courts look to state law to

9

determine whether a person has a cognizable property interest. <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 577 (U.S. 1972). Defendant's motion makes the misplaced contention that the Plaintiff has no standing to make a deprivation of property claim as he does not have any cognizable property interest in the 2015 Mercedez Benz. Notably, the Defendant City of New York did not afford the Plaintiff or any other party with a prompt post-seizure retention hearing, with adequate and meaningful notice for property seized, as required by <u>Krimstock v. Kelly</u>, 306 F.3d 40 (2d Cir. 2002).

Plaintiff has a valid claim for deprivation of the 2015 Mercedez Benz because the seizure of the automobile substantially interfered with his possessory interest in the car. It has been held that even a lawful borrower of an automobile has possessory rights in an automobile to grant standing to challenge a police seizure of a vehicle. <u>People v. Robinson</u>, 121 Misc.2d 267 (West. Cty. Ct. 1983). The Plaintiff here has a greater possessory interest in the subject automobile than a mere lawful borrower, as the Plaintiff utilized the automobile for business purposes and regularly contributed to the lease and other payments of the car. Plt 56.1, ¶ 9; *see also* Ex. E, ¶ 3. Moreover, Plaintiff's personal and business possessions were located in the automobile which was seized, including paperwork, plans, books, notebooks, cabinet doors, and construction materials. Ex. C, at 96: 2-6. Plaintiff was without use of the vehicle and its contents for a period that exceeded six weeks. Ex. E, ¶ 12. Thus, Plaintiff did suffer a meaningful interference with his possessory interest in the automobile, and has a cognizable claim for deprivation of such property.

POINT V

PLAINTIFF HAS ASSERTED SUFFICIENT CONSTITUTIONAL VIOLATIONS TO
<u>SUPPORT CLAIM BASED ON FAILURE TO INTERVENE.</u>

The Defendants' underlying motion papers challenge Plaintiff's failure to intervene claim soley based on the misplaced assertion that Plaintiff has not pled or proven any constitutional violations to support his claim. However, the Plaintiff sufficiently alleges constitutional violations required to support a claim for failure to intervene. An officer who fails to intercede may be liable for preventable harm caused by the actions of other officers if he observes or has reason to know that those other officers violated someone's constitutional rights. <u>Anderson v. Branen</u>, 17 F.3d 552, 557 (2d Cir. 1994). Plaintiff first asserts an excessive force claim pursuant to 42 U.S.C.A. § 1983, such rights secured by provisions of the due process clause of the Fifth and Fourteenth Amendments. Plaintiff also makes unlawful search and seizure claims, pursuant to the Fourth Amendment, which underpin Plaintiff's claims for (1) abuse of process; (2) false arrest and malicious prosecution; (3) wrongful seizure of Plaintiff's vehicle. As outlined in Points I – IV, *supra*, Plaintiff maintains that genuine issues of material fact preclude summary judgment on these constitutional claims. Plaintiff further contends that the officers lacked reasonably articulable suspicion to conduct a stop of the subject vehicle, and also lacked probable cause for the ensuing arrest.  As such, the Defendants' request that Plaintiff's failure to intervene claim be dismissed should be denied.

POINT VI

PLAINTIFF ASSERTS A VALID CLAIM FOR CONSPIRACY TO VIOLATE A CIVIL <u>RIGHTS CLAIM PURSUANT TO 42 U.S.C. §1985.</u>

A claim for conspiracy to violate civil rights made pursuant to 42 U.S.C. § 1985 requires a showing of (1) a conspiracy; (2) for the purposes of depriving, either directly or indirectly, any persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or

property or deprived of any right of a citizen of the United States. <u>Thomas v. Roach</u>, 165 F.3d 137, 146 (2d Cir. 1999). Racial or class-based motivation is not required to sufficiently plead such a claim. Rather, a conspiracy claim is properly alleged where the complaint contains specific factual allegations demonstrating a conspiracy among defendants to violate the civil rights of another. <u>Friends of Falun Gong v. Pacific Cultural Enterprise</u>, 288 F.Supp.2d 273, 279 (E.D.N.Y. Sept. 24, 2003).

Plaintiff has asserted genuine issues of material fact demonstrating a conspiracy among the Defendants to violate the civil rights of the Plaintiff. Specifically, Plaintiff's Complaint asserts that the Defendants agreed to implement a policy and practice whereby they denied the Plaintiff due process, resulting in injury to person and property. Ex. A, at pg. 18. Moreover, the underlying Complaint also alleges that Defendants collectively decided to accuse and arrest the Plaintiff based on allegations that were false, negligent, reckless, intentional and wrongful. Ex. A, at pg. 19.

Plaintiff further asserts that the Defendants, in arresting him, demonstrated aggressive behavior and a clear disregard for verifying the validity of the automobile's license plates. Plaintiff states that the officers' behavior indicated that they intended to arrest him regardless of the validity of the license plates. Ex. E, at ¶ 10. Plaintiff implored the Defendants to call the Mercedez Benz automobile dealership to confirm the source of the license plates, which they failed to accomplish. Taken cumulatively, the facts asserted in the Complaint , deposition testimony, and affidavit all indicate a meeting of the minds of the arresting officers to violate his due process rights. The Defendants conspired to seize the subject automobile without probable cause, as outlined in Pt. 1 – 4, *supra*. As such, Plaintiff has properly asserted genuine issued of material fact to support the claim for conspiracy.

12

POINT VII

PLAINTIFF'S MUNICIPAL LIABILITY CLAIMS PRESENT GENUINE ISSUES OF
MATERIAL FACTS BASED ON INSUFFICIENT TRAINING OF THE OFFICERS.

To establish its municipal liability claim, Plaintiff must establish the existence of a (1)
formal policy which is officially endorsed by the municipality; (2) actions taken or decisions
made by government officials responsible for establishing municipal policies which caused the
alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it
constitutes a 'custom or usage' and implies the constructive knowledge of policy-making
officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to
such an extent that it amounts to deliberate indifference to the rights of those with whom
municipal employees will come into contact. Monell v. Department of Social Services of City of
New York, 436 U.S. 658 (1978); Khanukavev v. City of New York, No. 09 CV 6175
(CM)(GWG), 2012 U.S. Dist. LEXIS 113779, at 9 (S.D.N.Y. Aug. 13 2012).

Here, Plaintiff's claim for municipal liability is supported under the fourth prong
enumerated above, that the Defendant-officers were so poorly trained or supervised to such an
extent that this failure amounts to a deliberate indifference to the rights of others, specifically of
the Plaintiff. The Defendants underwent inadequate police training on identification of forged
instruments. Defendant Brenes, an NYPD Sergeant, indicated that he receive no additional
ongoing police training subsequent to his completion of the New York City Police Academy in
1994. Ex. F, at pg. 22:24-25; 35:23 – 36:3. In fact, the only training on forged instruments that
Defendant Brennes can recall at all concerns the "Pillar" law fundamentals course taken at the
New York City Police Academy in 1994 – a time period of over twenty years from the Plaintiff's
2015 arrest. Ex. F, at pg. 23: 5 – 24:24.

13

Similarly, Defendant Cillis testified that although he recalled receiving some training concerning forged instruments at the New York City Police Academy, he could not recall what training he received. Ex. B, at pg. 36: 10-23. Cillis further claims that he received a Powerpoint presentation on one occasion concerning forged instruments. Ex. B, at pg. 95:21 – 96:5. However, when asked what constitutes a forged instrument, defendant Cillis stated that he could not explain what constitutes a forged instrument (Ex. B, at pg. 93:22-25), or alternatively that he believed that a forged instrument is one which lacks the proper information from the state or government (Ex. B, at pg. 94: 9-13).

All of the foregoing support the conclusion that the Defendants were inadequately trained on the indicia of a forged instrument. This inadequate training amounts to deliberate indifference to the rights against search and seizure without probable cause as to the Plaintiff. Inadequate training of police officers has repeatedly been upheld as a proper basis for supporting a municipal liability pursuant to § 1983. *See e.g.* City of Canton, Ohio v. Harris, 489 U.S. 378 (1989); Hall v. City of White Plains, 185 F.Supp.2d 293 (S.D.N.Y. 2002). The Defendants training cannot be construed as adequate where they received little or no training whatsoever on identifying forged instruments. At a minimum, triable issues of fact preclude summary judgment on Plaintiff's municipal liability claim as to the insufficiency of the officers' training.

POINT VIII

THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

In addition to genuine issues of material fact precluding summary judgment on Plaintiff's claims for false arrest, malicious prosecution, excessive force (as well as failure to intervene, and conspiracy claims), the Defendants are not entitled to qualified immunity to shield their civil liability. The preliminary consideration in determining the application of qualified immunity is

whether Plaintiff has alleged or shown a violation of a constitutional right. Travella v. Town of Wolcott, 599 F.3d 129, 132 (2d Cir. 2010). Presently, Plaintiff first asserts an excessive force claim pursuant to 42 U.S.C.A. § 1983, such rights secured by provisions of the due process clause of the Fifth and Fourteenth Amendments. Plaintiff also makes unlawful search and seizure claims, pursuant to the Fourth Amendment, which underpin Plaintiff's claims for (1) abuse of process; (2) false arrest and malicious prosecution; (3) wrongful seizure of Plaintiff's vehicle.

A. The Defendants' actions were objectively unreasonable.

Qualified immunity will only apply if the defendants' actions were "objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." X-Men Sec., Inc. v. Pataki, 196 F.3d 56, 66 (2d Cir. 1999). Summary judgment on qualified immunity grounds should only lie where "no reasonable jury, looking at the evidence in the light most favorable to the to, the plaintiffs, could conclude that it was objectively unreasonable for the defendant[ ] to believe that he was acting in a fashion that did not clearly violate an established federally protected right". Robinson v. Via, 821 F.2d 913, 921 (2d Cir. 1987), quoting Halperin v. Kissinger, 807 F.2d 180, 189 (D.C. Cir.1986); see also Wachtler v. County of Herkimer, 35 F.3d 77, 80 (2d Cir.1994); Lennon v. Miller, 66 F.3d 1995 (2d Cir. 1995).

The Defendants' actions were objectively unreasonable in several significant ways. First, the Defendants conducted an automobile stop of the Plaintiff on the articulated basis that the automobile lacked a license plate. However, the Defendants also observed that the automobile did, in fact, have a license plate visibly affixed to the rear window. Plf. 56.1 at ¶ 4; see also Ex. B, pg. 64:9-14. Weighing the facts in the light most favorable to Plaintiff, it was objectively unreasonable for the Defendants to continue the traffic stop upon confirmation of the

15

automobile's affixed license plate.

The Plaintiff's arrest based on an allegedly improperly displayed license plate pursuant to V.T.L. 402-1, and for possession of a forged instrument pursuant to N.Y.P.L. 170.20 were also objectively unreasonable. The license plate's affixed location was, by all parties' acknowledgement, proper under the requirements of V.T.L. 402-1. *See* Pt. I, *supra*. An objective lack of probable cause also existed for the arrest based on possession of a forged instrument.

Qualified immunity cannot shield the defendants from liability, where they cannot articulate the indicia of a forged instrument (*see* Pt. I, *supra*), cannot allege sufficient training in the identification of a forged instrument (*see* Pt. VII, *supra*), cannot articulate the Plaintiff's intent to defraud (*see* Ex. B, at pg. 97:4 – 98:6), and where they failed to verify the validity of the license plate's issuance from the automobile dealership of origin despite the Plaintiff's pleas and requests (Ex. E, at ¶¶ 6-7; Plf. 56.1 at ¶¶ 14-16). Based on the above, the Defendants' actions were unreasonable, and violative of Plaintiff's constitutional rights. The Defendants cannot shield their civil liability based on qualified immunity where their actions were objectively unreasonable.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny defendants motion for summary judgment in its entirety, together with such further relief as the Court deems just and proper.

Dated: May 5, 2017
      Huntington, New York

                                  Respectfully Submitted,

                                  CHRISTOPHER J. CASSAR, P.C.

Attorneys for Plaintiff

By: Joseph J. Karlya III, Esq.
13 East Carver Street
Huntington, New York 11743
Phone: (631) 271-6596
Fax: (631) 351-0196

TO:        BY FIRST-CLASS MAIL and EMAIL
           ZACHARY W. CARTER
           Maria Fernanda DeCastro, Esq.
           Corporation Counsel of the City of New York
           Attorneys for Defendants
           100 Church Street, Room 3-201
           New York, New York 10007
           (212) 356-2658

---

[i] The material facts cited in Plaintiff's Rule 56.1 statement are adopted only for the purposes of this Opposition to Defendants' Summary Judgment motion. *See* Local Civil Rule 56.1(c)(stating that facts are admitted only "for the purposes of the motion"). Plaintiff reserves the right to assert different and/or conflicting facts at trial. *See* Vasconcellos v. City of New York. 12 CV. 8445 (CM)(HBP), 2015 U.S. Dist. LEXIS 121572 at 4 (S.D.N.Y. Sept. 9, 2015)(Local Civil Rule 56.1 "means that a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice – the 'admission'... neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").